## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **ALEXANDER E. JONES** | § | **CASE NO. 22-60043** |
| | § | **SDTX (Lopez)** |
| Debtor. | § | |
| | § | |
| | § | |

| | | |
|---|---|---|
| **NEIL HESLIN and SCARLETT LEWIS** | § | |
| *Plaintiffs/Garnishors* | § | |
| | § | |
| **V.** | § | **ADVERSARY NO. _____** |
| **CADENCE BANK** | § | |
| *Garnishee* | § | |
| | § | |
| **and** | § | |
| | § | |
| **ALEX E. JONES and FREE SPEECH** | § | |
| **SYSTEMS, LLC** | § | |
| *Defendants/Judgment Debtors.* | | |

### NOTICE OF REMOVAL

**TO THE HONORABLE**
**UNITED STATES BANKRUPTCY JUDGE:**

Christopher R. Murray, the chapter 7 trustee ("Trustee") appointed for the bankruptcy estate of Alexander E. Jones ("Estate"), files this Notice of Removal of the state court action styled *Neil Heslin and Scarlett Lewis v. Cadence Bank and Alex E. Jones and Free Speech Systems, LLC,* Cause No. D-1-GN-24-003882, pending in the 200th Judicial District Court of Travis County, Texas (the "State Court Garnishment Action").

### I.    Procedural Background and Nature of Suit

1.    On April 16, 2018, Neil Heslin and Scarlett Lewis ("Plaintiffs") filed their Original Petition against Alex E. Jones and Free Speech Systems, LLC ("Defendants"), initiating Case No. D-

Page 1

063be54d12a711ea

1-GN-18-001835 (the "Original State Court Action"). Plaintiffs won a money judgment against defendants Alex E. Jones and Free Speech Systems LLC in the Original State Court Action in January 2023.

2.      On December 2, 2022, Alexander E. Jones ("Debtor") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code ("Bankruptcy Code")[Dkt. 1], commencing the bankruptcy case captioned *In re Alexander E. Jones,* Case No. 22-33553, pending before the United States Bankruptcy Court Southern District of Texas, Houston Division (Hon. Christopher M. Lopez, presiding) ("Jones Bankruptcy Case").

3.      On June 14, 2024 ("Conversion Date"), the Bankruptcy Court entered an Order Converting Debtor's Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code ("Conversion Order")[Dkt. 708].

4.      On June 14, 2024, the Trustee was appointed to serve as the chapter 7 trustee in the Jones Bankruptcy Case. [Dkt. 709].

5.      The Debtor's 100% membership interest in Free Speech Systems, LLC ("FSS"), including rights under the membership agreement of FSS, constitutes non-exempt property under applicable non-bankruptcy law and is property of the Estate in the Jones Bankruptcy Case pursuant to 11 U.S.C. §541.

6.      On July 29, 2022, FSS filed a voluntary petition for relief under Chapter 11 Subchapter V of the Bankruptcy Code, initiating Case No. 22-60043 pending before the United States Bankruptcy Court Southern District of Texas, Houston Division (Hon. Christopher M. Lopez, presiding)(the "FSS Bankruptcy Case") [Dkt. 1].

7.      On June 21, 2024, the Bankruptcy Court entered an Order Dismissing Case ("Dismissal Order")[Dkt. 956], effectuating a dismissal of the FSS Bankruptcy Case, subject to certain

conditions outlined in the Dismissal Order and the retention of certain related matters.

8.      Immediately after the Bankruptcy Court entered the Dismissal Order on June 21, 2024, Plaintiffs' filed their Application for Turnover Order in the Original State Court Action. Within hours, the docket in the Original State Court Case reflects that the state court entered an Order for Turnover ("Turnover Order").[1]

9.      Also on June 21, 2024, Plaintiffs filed an Application for Post-Judgment Writ of Garnishment ("Garnishment Application"), seeking a writ of garnishment against Cadence Bank as the garnishee relating to bank accounts held by FSS.

10.     The Garnishment Application indicates that it is filed in Case No. D-1-GN-18-001835-A before the 261st Judicial District Court in Travis County.[2] Initially, the Trustee was unable to find any case under that case number (or using party names) in the Travis County District Clerk's website database and was unable to determine where the Garnishment Application was filed. The Trustee learned on June 24, 2024, that the Garnishment Application contains an erroneous case number and that it was actually pending under a different case number before the 261st Judicial District Court of Travis County, Texas.[3]

11.     On June 24, 2024, the Trustee removed the Original State Court Action to this Court pursuant to 28 U.S.C. §1452, pending in the Western District of Texas Bankruptcy Court Austin Division under Adversary Proceeding No. 24-01024 within Miscellaneous Case No. 88-18888. At the time the Original State Court Action (in which the Turnover Order was entered) was removed, the

---

[1] It is not clear to the Trustee if the Turnover Order is intended to be dated June 21, 2024 or June 24, 2024 because the Turnover Order was *entered* on June 21, 2024 but is signed with a date of June 24, 2024 next to the state court judge's signature.

[2] Except for the letter "A", this case number on the Garnishment Application filed by Plaintiffs is identical to the case number for the Original State Court Action.

[3] This information was discovered by chance in the Texas E-File System, a third party vendor for electronic filing of pleadings in state courts in Texas. At some point in the afternoon of June 24, 2024, the State Court Garnishment Action appeared on the Travis County District Clerk's website under the correct case number.

Trustee still believed that the Garnishment Application was also pending in that same matter number (or perhaps in a related severed case as indicated in the caption on the Garnishment Application). As of the time the Original State Court Action was removed, the Trustee was unaware of the erroneous caption in the Garnishment Application.

12.     For that reason, the Trustee now also removes the State Court Garnishment action as well, pursuant to 28 U.S.C. §1452.

## II.     Basis for Removal

13.     This Notice of Removal is filed pursuant to 28 U.S.C. §1452, Bankruptcy Rule 9027, and Local Bankruptcy Rule 9027.

14.     The State Court Garnishment Action was initiated after the commencement of the Jones Bankruptcy Case and the FSS Bankruptcy Case. This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(3).

15.     Venue in this Court is proper pursuant to 28 U.S.C. § 1409. The Trustee intends to file a separate motion to transfer this matter to the United States Bankruptcy Court Southern District of Texas, which has jurisdiction over the Jones Bankruptcy Case as well as certain matters in the FSS Bankruptcy Case.

16.     Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title"). The State Court Garnishment Action is a civil action, other than a proceeding before the United States Tax Court. The State Court Garnishment Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

17.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal

district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11"). The State Court Garnishment Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Jones Bankruptcy Case and the FSS Bankruptcy Case. In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

18.     The outcome of the State Court Garnishment Action will have a direct impact on property of the Estate in the Jones Bankruptcy Case as well as administration the Estate. Additionally, the outcome of the State Court Garnishment Action will have a direct impact on those matters retained by the Bankruptcy Court in the FSS Bankruptcy Case. Accordingly, the requirements of 28 U.S.C. § 1334(b) are satisfied and removal is proper under 28 U.S.C. §1452(a).

### III.     Core or Non-Core Bankruptcy Jurisdiction

19.     The State Court Garnishment Action involves matters that affect the administration of the Debtor's estate in the Jones Bankruptcy Case and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C)(E)(G)(M) and (O). The claims and causes of action in the State Court Garnishment Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541 as well as the matters over which the Bankruptcy Court expressly retained jurisdiction in the Dismissal Order in the FSS Bankruptcy Case.

20.     Upon removal of the State Court Garnishment Action, the Trustee consents to the entry of final orders or judgment by the bankruptcy judge in the bankruptcy court.

### IV.     Parties and Notice

21.     Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and the local

bankruptcy rules, all known adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 261st Judicial District Court of Harris County, Texas.

22.     The names and addresses of the parties and counsel in the Original State Court Action and Cadence Bank, who have or will be served with this Notice of Removal are as follows:

| COUNSEL FOR PLAINTIFFS | KASTER LYNCH FARRAR & BALL LLP<br>Mark D. Bankston<br>Willim R. Ogden<br>1117 Herkimer<br>Houston, Texas 77008 | LAWSON & MOSHENBERG, PLLC<br>Avi Moshenberg<br>801 Travis St., Suite 2101 #38<br>Houston, Texas 77002 |
|---|---|---|
| COUNSEL FOR DEFENDANTS | THE REYNAL LAW FIRM PC<br>Federico Andino Reynal<br>917 Franklin St., Fl. 6<br>Houston, Texas 77002<br><br>CROWE & DUNLEVY PC<br>Vickie L. Driver<br>2525 McKinnon St. Suite 425<br>Dallas, Tx 75201 | MARTIN DISIERE JEFFERSON & WISDOM<br>Christopher W. Martin<br>John Andrew Laboon<br>808 Travis St. Suite 1100<br>Houston, Texas 77002 |
| GARNISHEE | CADENCE BANK<br>c/o Registered Agent CT Corporation System<br>1999 Bryan St. Suite 900, Dallas, Texas 75201 | |

## V.     Process and Pleadings

23.     Pursuant to Bankruptcy Rule 9027(a)(1), true and correct copies of all process and pleadings filed in the State Court Garnishment Action will be filed upon removal.

24.     All original parties to the Original State Court Garnishment Action were served with summons. It is unclear whether those parties will be served again in the State Court Garnishment Action or whether only Cadence Bank (the intended garnishee) will be served with process. As of the filing of this Notice of Removal, it does not appear that Cadence Bank has been served. The Trustee

has not been served in any state court proceeding.

25.     In accordance with Bankruptcy Rule 9027(c), the Debtor will promptly file a notice of the filing of this Notice of Removal in the State Court Garnishment Action.

WHEREFORE, the Debtor notifies the United States Bankruptcy Court for the Western District of Texas, Austin Division, that the State Court Garnishment Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated: June 24, 2024.

Respectfully submitted,

By: */s/ Erin E. Jones*
Erin Elizabeth Jones
Texas Bar No. 24032478
**JONES MURRAY LLP**
602 Sawyer, Suite 400
Houston, TX 77007
Telephone: 832-529-1999
Email: erin@jonesmurray.com

**AND**

By: */s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl
State Bar No. 24038592
**Porter Hedges LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (fax)

**COUNSEL FOR CHRISTOPHER R. MURRAY, TRUSTEE**

## CERTIFICATE OF SERVICE

I certify that on June 24, 2024, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and via first class mail to the following:

| | | |
|---|---|---|
| COUNSEL FOR PLAINTIFFS | KASTER LYNCH FARRAR & BALL LLP<br>Mark D. Bankston<br>Willim R. Ogden<br>1117 Herkimer<br>Houston, Texas 77008 | LAWSON & MOSHENBERG, PLLC<br>Avi Moshenberg<br>801 Travis St., Suite 2101 #38<br>Houston, Texas 77002 |
| COUNSEL FOR DEFENDANTS | THE REYNAL LAW FIRM PC<br>Federico Andino Reynal<br>917 Franklin St., Fl. 6<br>Houston, Texas 77002<br><br>CROWE & DUNLEVY PC<br>Vickie L. Driver<br>2525 McKinnon St. Suite 425<br>Dallas, Tx 75201 | MARTIN DISIERE JEFFERSON & WISDOM<br>Christopher W. Martin<br>John Andrew Laboon<br>808 Travis St. Suite 1100<br>Houston, Texas 77002 |
| GARNISHEE | CADENCE BANK<br>c/o Registered Agent CT Corporation System<br>1999 Bryan St. Suite 900, Dallas, Texas 75201 | |

*/s/ Erin E. Jones*