**THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 22-60043** |
| **FREE SPEECH SYSTEMS LLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| Neil Heslin and Scarlett Lewis, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | **Adv. No. 24-03228** |
| | § | |
| Christopher R. Murray, Alex E. | § | |
| Jones Free Speech Systems, LLC, | § | |
| and Cadence Bank, | § | |
| Defendants. | § | |

**TEXAS PLAINTIFFS' OBJECTION TO
<u>MOTION FOR RECONSIDERATION AND FOR CLARIFICATION</u>**

Neil Heslin and Scarlett Lewis ("**<u>Plaintiffs</u>**" or "**<u>Texas Plaintiffs</u>**") as creditors and parties in interest in the above-captioned case, file this Objection to the *Motion for Reconsideration and for Clarification* [Adv. No. 24-03228, Docket No. 48] ("**<u>Motion</u>**" or "**<u>Mot.</u>**"), filed by Alexander E. Jones ("**<u>Jones</u>**" or "**<u>Debtor</u>**").[1]

**<u>PRELIMINARY STATEMENT</u>**

1.        As has become typical, Jones arrives at the last-minute crying foul and attempts to revive rights he never had in order to derail this Court's proceedings and hinder Plaintiffs' ability to pursue their rights and state court remedies.  Jones's arguments lack support, are wrong on the

---

[1] Jones filed nearly identical briefs on both the Garnishment Action (defined below) adversary proceeding docket (24-03228 [Docket No. 48]) and the Turnover Action (defined below) adversary proceeding docket (24-03229 [Docket No. 47]).  As a result, Plaintiffs' oppositions to each Motion are also substantively identical, with minor differences in the case captions and introductions.  Plaintiffs refer to Jones's motions collectively throughout as the "**<u>Motions</u>**" and cite to them collectively by reference to the numbered paragraphs contained in each Motion.

law, and misrepresent the record.[2]   The Court should not entertain Jones's Motions seeking reconsideration of its orders remanding the Garnishment Action and Turnover Action (both defined below) to Texas state court,[3] and it need not even reach the merits to do so.

2.      First, The Court is barred from reconsidering its Remand Stipulation Orders under 28 U.S.C. § 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise" where remand is based on timely raised procedural defects in the initial removal or a lack of jurisdiction.  28 U.S.C. §1447(d). Plaintiffs timely filed the Motions to Remand (defined below), which raised numerous timeliness defects in the Trustee's removal of the Garnishment Action and Turnover Action.  Such defects mandated remand of the actions and now bar the Court from reconsidering its decision to remand the Garnishment and Turnover Actions to Texas state court.  Second, Jones lacks standing to challenge entry of those orders because he lacks a pecuniary property interest in Free Speech Systems, LLC ("**FSS**") and its assets.  The relief sought in the Garnishment Action and Turnover Action pertain to FSS, not Jones.  And Jones and his bankruptcy estate do not own the assets of FSS, which is a separate corporate entity under Texas law, and he lacks any reasonable possibility of recovering surplus of FSS's assets given the $1.3 billion in judgments against him.  Besides, entry of the Remand Stipulation Orders did nothing to determine or affect any parties' rights in the underlying actions, but instead the orders merely returned the actions back to Texas state court. Jones's Motions also seek to circumvent his long-expired right to remove the underlying state

---

[2] As has been consistent throughout these proceedings, Jones misstates the records, invents facts that support his views, and characterizes his opinions as facts.  Plaintiffs dispute and contest all allegations and assertions made by Jones in the Motions.  Plaintiffs reserve all rights as to Jones's inaccurate allegations made in connection with the Motions and in all related bankruptcy proceedings and state court proceedings.

[3] *Heslin v. Murray*, Case No. 24-03228 (Bankr. S.D. Tex. May 27, 2025) [Docket No. 45]; *Heslin v. Murray*, Case No. 24-03229 (Bankr. S.D. Tex. May 27, 2025) [Docket No. 44] (collectively, the "**Remand Stipulation Orders**"). All citations to the Garnishment action turnover proceeding dockets, *Heslin v. Murray*, Case No. 24-03228 (Bankr. S.D. Tex.) shall be referenced as "**Garnishment Action**."  All citations to the Turnover Action adversary proceeding docket, *Heslin v. Murray*, Case No. 24-03229 (Bankr. S.D. Tex.) shall be referenced as "**Turnover Action**."

court actions (if such a right ever existed).  It strains credulity to suggest that Jones somehow has standing to accomplish through reconsideration what he lacks the ability to do on his own: keep the Garnishment Action and Turnover Action out of state court.

3.      Should the Court reach the merits—which it need not—Jones nonetheless fails to meet his burden for reconsideration under either Federal Rule of Civil Procedure ("**FRCP**" or "**Rule**") 60(b)(4) or 60(b)(6).  He does not even come close.  Jones puts forth a myriad of inaccuracies to claim that the Remand Stipulation Orders are "void" under FRCP 60(b)(4) because he was allegedly not afforded due process.  But as Jones admits, he had *actual* notice of the Remand Stipulations the day they were filed—never mind the *months* of actual notice he had of Plaintiffs' Motions to Remand—and he had 22 days to file an objection before the Court entered the Remand Stipulation Orders.  Jones never filed any opposition to the Motions to Remand or the Remand Stipulations.  Instead, he did not even appear in the Adversary Proceedings (defined below) until nearly two weeks after the Court remanded the Garnishment and Turnover Actions when he filed the pending Motions.  Jones similarly fails to identify any extraordinary circumstances justifying reconsideration under FRCP 60(b)(6).  He again alludes to supposed due process violations, but a motion under FRCP 60(b)(6) cannot be based on the same grounds as FRCP 60(b)(4) and his vague allusions to "injustice to the parties and the bankruptcy system itself" fall far short.

4.      The Garnishment Action and Turnover Action have already been remanded to Texas state court and Plaintiffs have already undertaken efforts to resume pursuit of their state court remedies.  The Court cannot and should not unring the bell.  Jones provides no legitimate reason for the Court to decide otherwise.  The Motions should be denied.

## BACKGROUND[4]

5.      The Court is familiar with the factual background of this matter and therefore only what is relevant for the purposes of this Objection are included herein.

6.      On June 21, 2024, this Court dismissed the FSS bankruptcy and entered a dismissal order.[5]  On that same date, Plaintiffs filed an application for a turnover order in the Texas state court, seeking an order requiring FSS "to turn over all its property—including its real property, personal property, and intellectual property—to Heslin and Lewis immediately" (the "**Turnover Action**").[6]  The Turnover Application explicitly stated that "Plaintiffs do *not* seek a turnover order against Alex Jones, individually.  Alex Jones remains in bankruptcy and an automatic stay bars any collections against Jones individually."[7]  The State Court granted the Turnover Application the same day and ordered that "Judgment Debtor Free Speech Systems, LLC turn over all its nonexempt property."[8]  The Turnover Order was enforceable against FSS only: Jones was not subject to the Turnover Order and neither was the Jones bankruptcy estate.  Jones never opposed the Turnover Application and never sought reconsideration of the Turnover Order.[9]

7.      Also on June 21, 2024, Plaintiffs filed an application for post-judgment writ of garnishment against Cadence Bank and FSS (the "**Garnishment Action**").[10]  The Garnishment Application requested "that a Writ of Garnishment be issued, and that [Plaintiffs] have judgment

---

[4] Unless stated otherwise, all pincites listed for docket citations refer to the ECF page stamp number located on the relevant filing.
[5] *In re Free Speech Systems, LLC*, Case No. 22-60043 (Bankr. S.D. Tex. June 21, 2024) [Docket No. 956] (the "**FSS Dismissal Order**").
[6] *In re Alex Jones*, Case No. 22-33553 (Bankr. S.D. Tex. June 23, 2024) [Docket No. 720-1] at 3 (the "**Turnover Application**").
[7] Turnover Application, at 2, n.1 (emphasis in original).
[8] *In re Alex Jones*, Case No. 22-33553 (Bankr. S.D. Tex. June 23, 2024) [Docket No. 720-2] at 2 (the "**Turnover Order**").
[9] *See generally* Declaration of Stuart R. Lombardi, filed concurrently herewith ("**Lombardi Decl.**"), Ex. 1 (Turnover Action Docket).
[10] Garnishment Action [Docket No. 1-2] (the "**Garnishment Application**").

against Garnishee Cadence Bank to satisfy the Final Judgment against Judgment Debtor Free Speech Systems."[11]  Just as in the Turnover Action, the relief sought did not involve Jones nor the Jones bankruptcy estate.  Jones never opposed the Garnishment Application.[12]

8.    On June 24, 2024, the Trustee removed both the Turnover Action and the Garnishment Action to the Bankruptcy Court for the Western District of Texas (collectively, the "**Adversary Proceedings**").[13]  One month later, on July 24, 2024, Plaintiffs moved to remand the Adversary Proceedings to Texas state court.[14]  Jones never appeared and did not oppose Plaintiffs' Motions to Remand in either of the Adversary Proceedings.[15]

9.    After multiple requests and grants for extension of time, the Trustee opposed the Motions to Remand on September 27, 2024,[16] and concurrently moved to transfer the Adversary Proceedings to this Court.[17]  On October 4, 2024, Plaintiffs filed replies in support of their Motions to Remand,[18] and on October 11, 2024, Plaintiffs filed responses in opposition to the Motions to Transfer.[19]

10.    During the nearly 12 weeks of briefing related to the Motions to Remand and the Motions to Transfer in the Western District of Texas Bankruptcy Court, Jones never appeared and chose not to file any oppositions, objections, briefs in support, or any other related filings.[20] Notably, Jones had actual notice of the Adversary Proceedings throughout those 12 weeks.  The Plaintiffs' Motions to Remand and the Trustee's Motions to Transfer were served on Jones's

---

[11] Garnishment Application, at 3.
[12] *See generally id.;* Lombardi Decl. Ex. 2 (Garnishment Action Docket).
[13] Garnishment Action [Docket No. 1]; Turnover Action [Docket No. 1] (collectively, the "**Notices of Removal**").
[14] Garnishment Action [Docket No. 9]; Turnover Action [Docket No. 9] (collectively, the "**Motions to Remand**").
[15] *See generally* Lombardi Decl. Exs. 1 (Turnover Action Docket); 2 (Garnishment Action Docket).
[16] Garnishment Action [Docket No. 35]; Turnover Action [Docket No. 34].
[17] Garnishment Action [Docket No. 34]; Turnover Action [Docket No. 33] (collectively, the "**Motions to Transfer**").
[18] Garnishment Action [Docket No. 36]; Turnover Action [Docket No. 35].
[19] Garnishment Action [Docket No. 39]; Turnover Action [Docket No. 38].
[20] *See generally* Lombardi Decl., Exs. 1 (Turnover Action Docket); 2 (Garnishment Action Docket).

attorneys via mail and/or the Western District of Texas Bankruptcy Court's ECF system[21] and both the Motions to Remand and Motions to Transfer were discussed in the presence of Jones's attorneys at the September 11, 2024 and September 24, 2024 Hearings before this Court.[22]

11.     On October 24, 2024, the Motions to Transfer were granted[23] and the Adversary Proceedings were transferred to this Court on November 8, 2024.[24]  In the seven months since the Adversary Proceedings were transferred to this Court, Jones never appeared and never made a single filing opposing or supporting any of the pending applications or motions, including the Motions to Remand.[25]

12.     On May 5, 2025, Plaintiffs and the Trustee filed stipulations in both Adversary Proceedings remanding the Garnishment Action and Turnover Action back to Texas State court.[26]

13.     On May 6, 2025, Plaintiffs and the Trustee voluntarily stipulated to dismiss the appeal of Supplemental Dismissal Order pursuant to FRBP 8023, and on May 16, 2025, the District Court terminated the appeal.[27]  Consequently—in line with this Court's views made at the February 5, 2025 hearing and in its March 19, 2025 Order—the Supplemental Dismissal Order is now "null and void" meaning that FSS is no longer a bankruptcy debtor, FSS and its assets are no longer part of the Jones bankruptcy estate, this Court no longer has jurisdiction over FSS and its assets, and Plaintiffs can pursue state court remedies against FSS.[28]

---

[21] Garnishment Action [Docket No. 9, at 22; Docket No. 34 at 12]  Turnover Action [Docket No. 9, at 21; Docket No. 33, at 14].

[22] *See* Transcript of Hearing at 7:11–19, Case No. 22-33553 (Bankr. S.D. Tex. Sept. 11, 2024); Transcript of Hearing at 18:22–19:19, Case No. 22-33553 (Bankr. S.D. Tex. Sept. 24, 2024).

[23] Garnishment Action [Docket No. 41]; Turnover Action [Docket No. 40].

[24] Garnishment Action [Docket No. 43]; Turnover Action [Docket No. 42].

[25] *See generally* Lombardi Decl., Exs. 1 (Turnover Action Docket); 2 (Garnishment Action Docket).

[26] Garnishment Action [Docket No. 44]; Turnover Action [Docket No. 43]. (collectively, the "**Remand Stipulations**").

[27] *In re Free Speech Systems, LLC*, Case No. 4:24-CV-03882 (S.D. Tex. May 6, 2025) [Docket No. 22].

[28] *See In re Alex Jones*, Case No. 22-33553 (Bankr. S.D. Tex. Mar. 19, 2025) [Docket No. 1121] ("This Court said at a hearing on February 6, 2025 (sic) that it would not allow a sale of FSS assets, and that parties should consider the Court's supplemental order null and void for the reasons stated at the hearing."); Transcript of Hearing at 10:21—11:08 (S.D. Tex. Feb. 5, 2025) ("But FSS, that estate is closed.  That case is closed. . . . You don't come to me. You

14.     On May 27, 2025, 22 days after the Remand Stipulations were filed, this Court entered the Remand Stipulations as orders in both Adversary Proceedings, thereby remanding the Garnishment Action and Turnover Action back to Texas state court.[29]  During the 22 day period prior to the Court's entry of the Remand Stipulation Orders, Jones did not appear in either Adversary Proceeding, he did not challenge or object to the Remand Stipulations, nor did he make any other filing.[30]  It was not until June 9th—nearly a year since Plaintiffs initially filed their Motions to Remand, seven months since the Adversary Proceedings were transferred to this Court, over a month after the filing of the Remand Stipulations, and nearly two weeks after this Court's Remand Stipulation Orders—that Jones finally decided appear and filed the pending Motions.[31]

## **ARGUMENT**

### I.    **The Remand Stipulation Orders Are Not Subject To Reconsideration Or Otherwise Reviewable.**

15.     The Court need not (and cannot) reach the merits of Jones's Motions.  The Court is prohibited from reconsidering its entry of the Remand Stipulation Orders by 28 U.S.C. § 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]"[32]  The Fifth Circuit recently clarified that this statutory bar is not all encompassing, but instead applies "when the remand is based on one of two grounds: (1) a defect in the removal process, or (2) a lack of subject-matter jurisdiction." *Abraham Watkins*

---

have whatever rights you have outside the bankruptcy.  The bankruptcy doesn't affect your claims one way or the other. . . . There were several individuals who had a case.  They were suing Jones in Texas state courts.  They can continue their trials in state courts.  There's nothing stopping anyone from pursuing any claims in Texas state court."); *Id.* at 14:13–16 ("[Y]ou can consider any use of the supplemental order null and void, because the purpose for which it served was the auction of the assets, and we're not doing that anymore.").

[29] Garnishment Action [Docket No. 45]; Turnover Action [Docket No. 44].

[30] *See generally* Lombardi Decl., Exs. 1 (Turnover Action Docket); 2 (Garnishment Action Docket).

[31] Garnishment Action [Docket No. 47, 48]; Turnover Action [Docket No. 46, 47].

[32] In its objection to the Motions, the Trustee identifies alternative legal grounds barring reconsideration of the Remand Stipulation Orders.  *See* Garnishment Action [Docket No. 49 at 7–8]; Turnover Action [Docket No. 48 at 7–8]. Plaintiffs agree with the Trustee's argument in this regard.

*Nichols Agosto Aziz & Stogner v. Festeryga*, 138 F.4th 252, 256 (5th Cir. 2025); *see also BP P.L.C. v. Mayor and City Council of Balt.*, 593 U.S. 230, 243 (2021) ("this bar applies only to remand orders premised on a lack of subject matter jurisdiction or a defect in removal procedure.").

16.     As to the first ground of procedural defect, review of a remand order is proscribed only when the remand is "based on a timely raised defect" (*i.e.*, within 30-days of removal). *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995); 28 U.S.C. § 1447(c); *see Buchner v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir. 1993) ("1447(c) allows a district court to remand a case if…on timely motion if there is a defect in the removal procedure").  Untimely removal of an action is a defect in the removal process which bars review under § 1447(d).  *See Things Remembered*, 516 U.S. at 128 ("Untimely removal [is] precisely the type of removal defect contemplated by §1447(c)."); *Abraham*, 138 F.4th at 259 ("untimely removal . . . [is a] mandatory ground for remand" and is a "timeliness defect independently barr[ing] appellate review.").

17.     Motions for reconsideration fall within the purview of § 1447(d)'s bar against reviewability of remand orders based on procedural defects or lack of jurisdiction.  *See Dallas Cnty. v. Cavaness*, No. 3:22-CV-1558-E-BH, 2023 WL 7093735, at *2 (N.D. Tex. Oct. 10, 2023) ("[I]f a district court remands an action on the grounds of lack of subject matter jurisdiction or a defect in removal procedure, that court may not reconsider the remand order.") (quoting *All. Riggers & Constructors, Ltd. v. Restrepo*, No. EP-14-CV-00408-DCG, 2015 WL 966324, at *1 (W.D. Tex. Jan. 8, 2015)); *see also Garza v. Essex Ins. Co.*, No. 7:16-CV-00143, 2016 WL 5534310, at *1–2 (S.D. Tex. Sept. 29, 2016) (noting "courts within the Fifth Circuit and elsewhere appear to uniformly apply Section 1447(d)" to motions for reconsideration in Rule 59(e) context); *M.B.S. Tupelo, LLC v. Tri-State Ins. Co. of Minn.*, No. 1:20-CV-132-SA-RP, 2021 WL 277811, at *2 (N.D. Miss. Jan. 27, 2021) (same).

18.     As discussed at length in Plaintiffs' Motions to Remand, the removal of the Garnishment Action and Turnover Action to the Western District of Texas Bankruptcy Court were plagued by timeliness defects.  As Plaintiffs made clear then and maintain now, the Trustee wrongly asserted that he timely removed under Federal Rule of Bankruptcy Procedure ("**FRBP**") 9027(a)(3), but that rule was inapplicable to the Turnover and Garnishment Actions.[33]  Instead, FRBP 9027(a)(2) is the applicable rule, and it mandates removal within the longest of "(A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief."  FRBP 9027(a)(2).[34]  The Trustee's notice of removal in both the Garnishment and Turnover Actions occurred *after* the time limits set out in FRBP 9027(a)(2) had expired.[35]  The Trustee's untimely removal of the Garnishment and Turnover Actions was a "defect in the removal procedure" that stands as a "mandatory ground for remand." *Abraham*, 138 F.4th at 256–259.

19.     Now that this Court has remanded the Garnishment and Turnover Actions through entry of the Remand Stipulation Orders, it is barred, under 28 U.S. § 1447(d), from reconsidering (or otherwise reviewing) those remand orders because Plaintiffs' Motions to Remand were timely filed within 30-days of removal, 28 U.S.C. § 1447(c), and raised numerous timeliness defects in the Trustee's Notices of Removal.  *See e.g.*, *Things Remembered*, 516 U.S. at 128 (holding remand order based on presence of "untimely removal" defects was nonreviewable); *In re Medscope Marine Ltd.*, 972 F.2d 107, 110 (5th Cir. 1992) (finding remand order "nonreviewable" where it

---

[33] Garnishment Action [Docket No. 9, at 17–18]; Turnover Action [Docket No. 9, at 18–19].
[34] *See also* Garnishment Action [Docket No. 9, at 17–19]; Turnover Action [Docket No. 9, at 18–19].
[35] *See* Garnishment Action [Docket No. 9, at 17–19]; Turnover Action [Docket No. 9, at 18–19].

was based on timely raised "defect in the removal procedure").  Consequently, the Motions should
be denied.

## II.     Jones Lacks Standing To Ask This Court To Reconsider Its Remand Stipulation Orders And His Own Right To Removal Has Long Lapsed.

20.     Although Jones makes numerous misstatements of fact and mischaracterizes events
related to these cases, his Motion still makes clear that the Turnover Action and Garnishment
Action revolve around issues pertaining to non-debtor FSS and orders in which Jones has no
pecuniary interest.  Jones[36] claims that he has standing to challenge the stipulation under Federal
Rule of Civil Procedure 60(b)(4) on due process grounds as a party whose property rights were
affected. (Motions at ¶ 11).  Even if Jones could maintain an argument under Rule 60(b)(4) or
60(b)(6) (which he cannot for the reasons explained *infa*, Section III), the Court need not reach the
merits as Jones cannot meet his own standard for standing (which Plaintiffs dispute) because he
cannot show that he has a property interest that was affected by the entry of the Remand Stipulation
Orders.

21.     Jones, a chapter 7 debtor, can demonstrate standing to challenge an order only by
showing that he was directly or adversely affected pecuniarily by the order, or that the order
diminished his property, increased his burdens, or impaired his rights.  *See Solomon v. Milbank
(In re Solomon)*, Nos. 96-11201, 96-11528, 96-11529, 1997 WL 680934, at *6 n.10 (5th Cir. Sept.
25, 1997); *see also Orix Cap. Mkts., L.L.C. v. Rafizadeh (In re Cyrus II P'ship)*, 358 B.R. 311, 315
(Bankr. S.D. Tex. 2007).  Jones lacks standing to ask the Court to reconsider its orders remanding
the Turnover and Garnishment Actions back to Texas State Court because he lacks a pecuniary
interest in the FSS assets at issue in the Remand Stipulation Orders.  Jones has no reasonable

---

[36] Jones also purports to submit the Motions on FSS's behalf as "manager" to FSS.  Jones cites no authority for the
proposition that he may continue to act on FSS's behalf but even if he could, managerial authority would not give
Jones a pecuniary interest or property right in FSS sufficient to establish standing.

prospect of any surplus in the estate in light of the $1.3 billion of combined judgments against him. Moreover, nothing in the Remand Stipulations determined or affected the parties' rights in the underlying actions. Instead, the Remand Stipulations merely returned jurisdiction back to the Texas state court where the Turnover Action had been proceeding for several years and where the Garnishment Action had been initiated pursuant to Texas state law. This is further evidenced by Jones's active participation in the appeal of the judgments rendered in the Turnover Action in the Texas state appellate court. The Remand Stipulations have no bearing on those proceedings and have not impacted his rights.

22.    Jones vaguely asserts that a "party has standing to challenge a judgment under Federal Rule of Civil Procedure 60(b)(4) on due process grounds if the party or nonparty's property rights were affected." (Motions at ¶ 11). The out-of-circuit cases Jones cites in support of this contention are inapposite. Neither of the cases Jones cites to support for his standing argument involve a chapter 7 debtor. In one case, the court assumed, without deciding, for purposes of discussion that a lienholder had property rights sufficient to confer standing. *See Owens-Corning Fiberglas Corp. v. Ctr. Wholesale, Inc.* (*In re Ctr. Wholesale, Inc.)*, 759 F.2d 1440, 1445-46 (9th Cir. 1985). In the other, a non-party sought standing to challenge the assignment of a contract in which it argued it had an interest and the court ultimately denied the motion for reconsideration because the non-party lacked standing. *In re Remington Park Owners Ass'n*, 548 B.R. 108, 132 (Bankr. E.D. Va. 2016).

23.    The FSS assets were the crux of the Trustee's removal to federal bankruptcy court and are the sole property that remains at issue in the Turnover and Garnishment Actions. Neither Jones nor his estate owns these assets. FSS is a separate corporate entity under Texas law. *See, e.g.*, *Durham v. Accardi*, 587 S.W.3d 179, 184 (Tex. Ct. App. 2019) ("A corporation is presumed

- 11 -

to be a separate entity from its officers and shareholders."); *Penhollow Custom Homes, LLC v. Kim*, 320 S.W.3d 366, 373 (Tex. Ct. App. 2010) ("[M]ere control and ownership of all the stock of a corporation is not a sufficient basis for ignoring the corporate fiction").  Because FSS is a separate corporate entity, Jones does not own the assets of FSS as an individual manager or former owner of the company.  Jones's estate similarly does not own the assets of FSS, only the equity interest.  *See, e.g.*, *In re Young*, 409 B.R. 508, 513 (Bankr. D. Idaho 2009) ("It is well accepted that a filing by an individual who is an owner of a corporation brings into the estate only his ownership interest and not the assets of the corporation."); *McDermott v. Crabtree (In re Crabtree)*, 554 B.R. 174, 192 (Bankr. D. Minn. 2016), *rev'd on other grounds*, 562 B.R. 579 (B.A.P. 8th Cir. 2017) ("As a general matter, property of the estate does not include assets owned by a corporation in which the debtor holds an interest"); *Paredes v. Albert (In re Albert)*, No. 1:14-ap-01134-MB, 2018 WL 1605170, at *12 (Bankr. C.D. Cal. Mar. 29, 2018) ("The Assets of HSI never became assets of Albert's bankruptcy estate, only her stock in HSI became property of her bankruptcy estate."); *Matson v. S. Anna, Inc. (In re McCurnin)*, 590 B.R. 729, 742 (Bankr. E.D. Va. 2018) (holding that the assets of a corporation did not belong to the estate of individual shareholders); *Cambridge Tempositions, Inc. v. Cassis (In re Cassis)*, 220 B.R. 979, 983 (Bankr. N.D. Iowa 1998) ("Ownership of stock in a corporation does not mean that the corporation is property of the estate . . . Technical, legal distinctions between corporations and shareholders will be respected in bankruptcy."); 2 Collier on Bankruptcy ¶ 103.03[3] (16th ed. 2018) ("while the individual's interest in the partnership or corporation (which could be a 100 percent interest) would be property of the estate, the assets of the partnership or corporation itself would not be.").

24.    Jones's continued reliance on the Supplemental Dismissal Order as "final and in force" should be disregarded because it directly contradicts this Court's explicit instruction that

the Supplemental Dismissal Order should be considered "null and void." *See In re Alex Jones*, Case No. 22-33553 (Bankr. S.D. Tex. Mar. 19, 2025) [Docket No. 1121].

25.     Relatedly, Jones's Motions are also a Hail Mary to circumvent his long expired (and waived) right to remove the underlying Texas state court action.  Plaintiff Heslin sued Jones and FSS on April 16, 2018 and Plaintiff Lewis sued Jones and FSS on October 31, 2018.[37]  Those cases were later consolidated.  Jones never sought and thereby waived his statutory right to removal.  *See* 28 U.S.C. § 1446(b)(1).  Indeed, given all the parties are Texas residents and the case involves state law claims, it is doubtful whether Jones even *could* remove to federal court due to lack of subject matter jurisdiction.  *See Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 411–12 (5th Cir. 2004) (finding improper removal where no diversity among parties). His right of removal in accordance with the bankruptcy proceedings similarly lapsed long ago. FSS filed for bankruptcy on July 29, 2022 with Jones following on December 2, 2022.[38]  As with the Trustee's removal, Jones's and FSS's right to remove those cases to this Court was governed by Rule 9027(a)(2) and each expired without any attempt to remove the state court case.  *See* FRBP 9027(a)(2).  It would defy logic to find that now—long after his right to remove has lapsed—Jones can obtain the same relief through motions to reconsider the already entered Remand Stipulation Orders.

26.     As Jones lacks standing to challenge entry of the Remand Stipulation Orders due to his lack of an interest in or right to the assets of FSS and his time to remove has long passed, the Motions should be denied.

### III.     Jones Has Not Satisfied The Requirements For Reconsideration Of The Remand Stipulation Orders Under Rule 60(b).

---

[37] Garnishment Action [Docket No. 9-8] at ¶¶ 86–112.
[38] *In re Alex Jones*, Case No. 22-33553 (Bankr. S.D. Tex. Dec. 2, 2022) [Docket No. 1]; *In re FSS*, Case No. 22-60043 (Bankr. S.D. Tex. July 29, 2022) [Docket No. 1].

27.     Though the Court need not reach the merits, Jones nonetheless fails to establish that reconsideration is warranted under either Rule 60(b)(4) or 60(b)(6).  First, the Remand Orders are not void under Rule 60(b)(4) because Jones was afforded both actual notice and an opportunity to be heard.  Second, Jones has not identified any other "extraordinary circumstances" warranting reconsideration under Rule 60(b)(6).

### A.     The Remand Stipulation Orders Are Not Void Under Rule 60(b)(4) Because Jones Received Actual Notice And Had An Opportunity To Be Heard.

28.     Rule 60(b)(4) "authorizes the court to relieve a party from final judgment if the judgment is void."  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).  To be "void," a judgment or order must be "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final."  *Id.*; *see also Taylor v. Colvin*, 616 Fed. Appx. 685, 686-87 (5th Cir. 2015).  Relief under 60(b)(4) is an "extraordinary remedy," *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998), reserved only for "the rare instances where a judgment is premised on a certain type of jurisdictional error or on violation of due process the deprives a party of notice or the opportunity to be heard." *Espinosa*, 559 U.S. at 271.

29.     "Due process does not require actual notice," *Id.* at 272 (quoting *Jones v. Flowers*, 547 U.S. 220, 225 (2006)), but instead requires notice "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Id.* at 272 (quoting *Mullane v. Centr. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).  "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights" especially when they had "actual notice.  *Id.* at 275; *see also Carnero G&P, LLC v. SN EF Maverick LLC*, 657 B.R. 202, 216 (Bankr. S.D. Tex. 2024) (finding party's "due process rights were afforded and waived" where party had actual notice and "fail[ed] to raise a timely objection"); *Carnero G&P, LLC v. SN EF UnSub, LP (In re Sanchez Energy Corp.)*, 648 B.R. 592, 609 (Bankr. S.D. Tex.

2023) (finding no "denial of due process" where party was aware of ongoing proceedings and "given an opportunity to present or preserve its objections which it chose not to take."). Indeed, "if a party was afforded actual notice consistent with constitutional standards, then that party cannot claim a violation of its constitutional rights to due process of law[.]" *In re Wilkinson*, 457 B.R. 530, 544 (Bankr. W.D. Tex. 2011).

30.     Jones falls far short of the high bar required of Rule 60(b)(4). He does not even really attempt to meet the requirements for demonstrating the Order is void, nor could he. Instead, he claims that that he was confused by the form of docket entry chosen by the stipulating parties, that the "procedure employed" somehow violated his due process (without any further explanation), and that the stipulating parties inexplicably "waiv[ed] the relief sought" because the Motions for Remand had remained pending on the Court's dockets for several months. (Motions at ¶¶ 15–16).

31.     When it comes to actually arguing the standard required under Rule 60(b)(4)— whether he had notice of the Remand Stipulations and an opportunity to be heard—Jones concedes those points. As Jones admits, he received *actual* notice of the Remand Stipulations the day they were filed through the Court's ECF system. (Motions at ¶¶ 9.b.iv.2, 9.b.iv.3). This alone dooms his due process argument. *See e.g.*, *Espinosa*, 559 U.S. at 272 (denying relief under Rule 60(b)(4) because party "received *actual* notice of the filing" which "more than satisfied [the party's] due process rights.") (emphasis in original); *In re Wilkinson*, 457 B.R. at 544 (holding "actual notice" waives claim of due process violation).

32.     And as to an opportunity to be heard, Jones further concedes that he had ample time to oppose the Remand Stipulations, noting that 22 days passed between their filing and the Court's entry of the Remand Stipulation Orders (Motions at ¶¶ 9.a, 9.b.v), longer than the default 21 day

response time provided by the Local Rules.  *See* Local Rule 9013-1.[39]  In fact, Jones had *months* to intervene in the Turnover and Garnishment Adversary Proceedings and never did.  Jones has been on *actual* notice of Plaintiffs' Motions for Remand in both proceedings since July 24, 2024, months prior to the Trustee filing its oppositions to those motions, Lombardi Decl. Exs. 1 (Turnover Action  Docket), 2 (Garnishment Action Docket), and yet until the pending Motions, Jones never even appeared, let alone file any opposition, objection, or any other filing relating to Plaintiffs' Motions for Remand or the Trustee's Motions to Transfer.  In the year since removal of the Turnover Action and Garnishment Action, Jones took no action at all.

33.    Even assuming Jones did not waive his right several months ago to oppose Plaintiffs' request to remand the Turnover and Garnishment actions, he certainly did so by failing to object to the Remand Stipulations.  Despite having actual notice of the Remand Stipulations the day they were filed and having been afforded over three weeks therein to file a response, Jones did not even make an appearance—let alone object—until June 9, 2025, over a month after the Remand Stipulations were filed and two weeks after the Court entered the Remand Stipulation Orders.  Even if Jones had standing to challenge the Remand Stipulations (which he lacks), he plainly "slep[t] on [his] rights" to do so by failing to object during the 22 days prior to the Court entering the Remand Stipulation Orders.  *Espinosa*, 559 U.S. at 275.  Jones cannot use Rule 60(b)(4) to revive "due process rights [that] were afforded and waived."  *Carnero G&P,* 657 B.R. at 216; *see also SEC v. Novinger*, No. 4:15-cv-00358-O, 2021 WL 4497672, at *3 (N.D. Tex. Aug. 10, 2021) (declining relief under Rule 60(b)(4) where defendants knew of the proceedings and

---

[39] Jones balks that the "manner and procedure utilized by the Trustee and Plaintiff does not reflect the requirement of the local rules for notice and hearing," but as the Supreme Court has underscored, alleged "depriv[ation] . . . of rights granted by procedural rules" does "not amount to a violation of [a party's] constitutional right to due process," particularly when the party has received actual notice.  *Espinosa*, 559 U.S. at 272; *see also Scott v. Carpanzano*, 556 Fed. Appx. 288, 291–92 (5th Cir. 2014) (denying Rule 60(b)(4) motion and holding failure to serve filings leading to default judgment did not violate due process because defaulting party "was well aware of the pendency of the action" and even "serious procedural irregularities . . . do not amount to a deprivation of due process").

"possessed ample time to voice any objections" but failed to do so).  Only now at the eleventh hour does he intervene and complain.  It is too little, too late.

**B.      Jones Has Failed To Identify Any "Extraordinary Circumstances" Warranting Reconsideration Under Rule 60(b)(6).**

34.      Rule 60(b)(6) allows for a judgment or order to be set aside if there is "any other reason that justifies relief."  FRCP 60(b)(6).  Such motions are "reserved for 'exceptional' or 'extraordinary circumstances,'" *see In re Tubwell*, No. 19-12163-JDW, 2019 WL 6481968, at *2 (Bankr. N.D. Miss. Dec. 2, 2019), and are granted only to prevent "manifest injustice," *In re Strudel Holdings LLC*, 656 B.R. 404, 409 (Bankr. S.D. Tex. 2024).  *See also Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (Rule 60(b)(6) requires a showing of "'extraordinary circumstances' justifying the reopening of a final judgment"); *Gruppo Formstar LLC v. FM Forrest, Inc. (In re FM Forrest, Inc.)*, 587 B.R. 891, 924 (Bankr. S.D. Tex. 2018) ("[A] very high threshold of truly extraordinary circumstances [is] required by Rule 60(b)(6).") (internal quotation omitted).  A party seeking relief under Rule 60(b)(6) must establish "that absent relief, an 'extreme' or 'unexpected' hardship will result." *In re Sylvester*, No. 15-30608, 2018 WL 6653016, at *2 (Bankr. W.D. La. Dec. 17, 2018) (quoting *Valentine Sugars, Inc. v. Sudan*, 34 F.3d 320, 321–22 (5th Cir. 1994)).  Indeed, "exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at." *BNP Oil & Gas Props., Ltd. V. BNP Petrol. Corp. (In re BNP Petrol. Corp.)*, No. 09-20206, 2013 WL 5493125, at *4 (Bank. S.D. Tex. Oct. 1, 2013), *aff'd sub nom., Black v. Schmidt*, No. 2:13-CV-322, 2015 WL 364293 (S.D. Tex. Jan. 27, 2025), *aff'd, In re BNP Petrol. Corp.,* 642 Fed. Appx. 429 (5th Cir. 2016) (quoting *Energy Serv., Inc. v. NL Indus.*, 618 F. Supp. 2d 614, 653 (S.D. Tex. 2009)).

35.      Though difficult to parse, it appears the sole "extraordinary circumstance" Jones identifies is the supposed violation of his due process rights—the same basis he provides for

reconsideration under Rule 60(b)(4).  (Motions at ¶ 13).  But "[t]he reasons for relief set forth under subsection (b)(6) cannot be the reason for relief sought under another subsection of 60(b)." *Goel v. Tucker (In re Tucker)*, No. 18-35542, 2021 WL 4901692, at *4 (Bankr. S.D. Tex. Oct. 20, 2021) (citing *Hess v. Cockrell,* 281 F.3d 212, 215 (5th Cir. 2002)); *see also Liljeberg v. Health Servcs. Acquisition Corp.* 486 U.S. 847, 863 (1988) (noting a motion under Rule 60(b)(6) can "not [be] premised on one of the grounds for relief enumerated in clauses (b)(1) through b(5)").  While Jones makes other complaints as to the "procedure employed" and the underlying circumstances prompting the Plaintiffs and the Trustee to file the Remand Stipulations, (Motions at ¶¶ 15–18), these come nowhere close to extraordinary circumstances warranting the Court's reconsideration of the Remand Stipulation Orders.  *See e.g.*, *Ayestas v. Lumpkin*, No. H-09-2999, 2021 WL 3603606, at *3 (S.D. Tex. Aug. 13, 2021) (finding potential extraordinary circumstance where newly discovered facts could change outcome of death penalty case); *In re Brand*, No. 20-12492-SDM, 2021 WL 2946145, at *4–5 (Bankr. N.D. Miss. July 13, 2021) (finding extraordinary circumstance where attorney failed to timely file monthly operating report due to unexpected health issues suffered by his son).

36.     In any event, the Remand Stipulations are just that: stipulations between the only two active interested parties (Plaintiffs and the Trustee) that resolved a year-old dispute as to the appropriate venue for the Turnover Action and Garnishment Action.  Jones was not a party to the Remand Stipulations because he had not appeared in either Adversary Proceeding at any stage, had never filed any objections, and—as discussed above—he lacks standing to object because he has no property interest in or rights to FSS or its assets.  *See supra* Section II.  Jones had actual notice of the Remand Stipulations and 22 days to object, and yet failed to do so.  There is simply

nothing extraordinary about the circumstances surrounding the Remand Stipulations or the Court's Orders therein.[40]

## **<u>CONCLUSION</u>**

37.     As Jones has done time-and-time again in these proceedings, he makes a last ditch attempt to resurrect his desired outcome, but as has repeatedly been the case, his arguments are unavailing.  Though the Court need not reach the merits of Jones's Motions to decline his requested relief, even there he falls far short of what Rule 60 requires for reconsideration.  Jones's thin arguments and factual misrepresentations simply do not meet his burden and come too late.

38.     For all the reasons stated, the Motions should be denied and Plaintiffs respectfully request that the Court enter an order, substantially in the form attached hereto.

---

[40] Jones also seeks clarification of the Remand Stipulation Orders, but he fails to identify any ambiguous terms or confusing language necessitating that the orders be clarified or set aside.  While he argues that the word "Estate" is ambiguous, (Motions at ¶ 9.b.iv) the procedural history of this case elucidates that this is a reference to Jones's estate (administered by the Trustee) because FSS is no longer a bankruptcy debtor.

Date: June 30, 2025

Respectfully submitted,

*/s/ Jennifer J. Hardy*

**WILLKIE FARR & GALLAGHER LLP**
Jennifer J. Hardy
State Bar No. 24096068
600 Travis Street
Houston, TX 77002
Telephone: (713) 510-1766
Fax: (713) 510-1799
E-mail: jhardy2@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
Stuart R. Lombardi (admitted *pro hac vice*)
Ciara A. Sisco (admitted *pro hac vice*)
Deanna Drenga (*pro hac vice* pending)
787 Seventh Avenue New York, NY 10019
Telephone: (212) 728-8000
Fax: (212) 728-8111
E-mail: slombardi@willkie.com
            csisco@willkie.com
            ddrenga@willkie.com

**LAWSON & MOSHENBERG PLLC**
Avi Moshenberg
State Bar No. 24083532
801 Travis Street, Suite 2101, #838
Houston, TX 77002
Telephone:  (713) 449-9644
E-mail: avi.moshenberg@lmbusinesslaw.com

**BRADLEY ARANT BOULT CUMMINGS LLP**
Jarrod B. Martin
State Bar No. 24070221
600 Travis Street, Suite 5600
Houston, TX 77002
Telephone:  (713) 576-0388
Fax:  (713) 576-0301
E-mail:  jbmartin@bradley.com

***Co-Counsel to the Texas Families***

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing instrument was filed and served on all persons entitled to receive notice via operation of this Court's CM/ECF system on June 30, 2025.

<u>*/s/ Jennifer J. Hardy*</u>
Jennifer J. Hardy