IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **CHAPTER 7** |
| | § | |
| **FREE SPEECH SYSTEMS LLC,** | § | **Case No. 22-60043** |
| | § | |
| | § | |
| **NEIL HESLIN AND SCARLETT LEWIS** | § | |
|    **Plaintiffs,** | § | |
| | § | |
| | § | **ADVERSARY NO. 24-03228** |
| **CHRISTOPHER R. MURRAY, ALEX E.** | § | |
| **JONES, FREE SPEECH SYSTEMS,** | § | |
| **LLC, AND CANDENCE BANK** | § | |
|    **Defendants.** | § | |
| | § | |

**OMNIBUS REPLY OF ALEX E. JONES AND FREE SPEECH SYSTEMS, LLC
TO THE TEXAS PLAINTIFFS' OBJECTION TO MOTION FOR
RECONSIDERATION  AND FOR CLARIFICATION**
**[Dkt #s 50/51]**

TO THE CHRSTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

Alexander E. Jones ("Jones") individually and on behalf of Free Speech Systems, LLC

("FSS") files this Reply to the Response of the Texas Plaintiffs [Dkt #50/51] (collectively the

"Response") to the Jones and FSS Motion for Reconsideration and for Clarification [Dkt

#48**]** regarding Texas Plaintiffs' and their Objection] (the "Motions") and would show as follows:

1.      For clarity, the *Heslin v. Murray*, Case No. 24-03228 (Bankr. S.D. Tex.) shall be

referenced as "Garnishment Action." And *Heslin v. Murray*, Case No. 24-03229 (Bankr. S.D.

Tex.) shall be referenced as "Turnover Action."  Both the Garnishment action and the Turnover

Action were brought in violation of the known automatic stay applying to the specific orders of

this Court addressed in the Motions.   As a result, both the Turnover and the Garnishment actions

were removed to this Court based on 28 U.S.C. §§ 157 and 1334.

    **A.**    **The Remand Stipulation Orders Are Subject to Reconsideration and are not
final**

2.      Initially, the Texas Plaintiffs seek finality by pleading, and not the rules, in arguing that their surreptitious acquiring of an order that is not final somehow invokes *28 U.S.C. §1447(d)* regarding the appeal of a remand order.  [See, ¶2, Texas Plaintiffs Response]. Of course, the Plaintiffs cite no authority for this proposition because there is none.  This is not an appeal of a final order.

**B.      Jones Does Not Lack Standing to Object to the Remand Stipulaiton Orders**

3.      Next, Plaintiffs suggest Jones lacks standing to object to the remand of a case involving only Jones and FSS.  This issue has been addressed numerous time in this Court and each time the Court held that Jones and FSS have standing to appear and participate.  [See, ¶2, Texas Plaintiffs Response]. Those authorities will not be addressed again in this Reply but are incorporated herein by reference.  *See*, Motion for Reconsideration, ¶ 11;  See, Main case Dkt #1131 Motion For Reconsideration of This Court's, Determination That No Auction of Free Speech Systems Assets Will Be Conducted By The Jones Chapter 7 Estate, Section III. Standing of Jones to Seek This Relief, ¶7, pg. 10.

4.      Remarkably, Plaintiffs argue that the *Jones Estate* does not own the FSS assets pursuant to the Initial order of this Court (which has never been appealed and is now final and non-appealable) and the Supplemental Order (which, likewise, is now final and non-appealable).  [See, ¶2, Texas Plaintiffs Response].  Jones is the sole manager of FSS and the Jones Estate Trustee is the owner of all Interests (equity) in FSS.  Both orders deal with the assets of the FSS estate transferred to the Jones Estate and are still within this Court's jurisdiction, subject to this Court's most recent continuance for 60 days of the pending issues regarding both of these orders, yet Plaintiffs continue to act as if this Court rulings, announcements, and final orders are meaningless.

**C.      Jones Has Satisfied the Requirements for Reconsideration Under Rule 60(b)**

5.      Next the Plaintiffs claim that obtaining a remand of the Turnover Action and Garnishment Action, *without actual notice served on then counsel for Jones*, somehow was due process when Jones counsel discovered the "Stipulation" that became a Motion, that somehow then became a remand order.  What was known when Plaintiffs filed their Stipulation with this Court, unaccompanied by any Motion for relief or any certificate of service on Jones counsel, was that all parties "noticed" did not include Jones counsel.  Plaintiffs did serve prior counsel at prior counsel's former law firm after prior counsel withdrew from representation of Jones but ignored Jones new counsel.

### D.      Ignoring Ongoing and Existing Orders of the Bankruptcy Court Satisfies the Standards of Rule 60(b) for Reconsideration

6.      Finally, the Plaintiffs argue that "[t]he Garnishment Action and Turnover Action have already been remanded to Texas state court *and Plaintiffs have already undertaken efforts to resume pursuit of their state court remedies*.  [See, ¶ 4 of Plaintiffs Response].  As an argument clearly ignoring (i) the bankruptcy code and rules on finality of orders, and (ii) now claiming that the non-final orders of this Court are meaningless to prevent the pursuit of the Plaintiffs' state court remedies, flies in the face of this Court's announcement that the pending issues of ownership of the FSS assets and finality of the relevant orders would be taken under advisement for sixty (60) days and those precise issues would be then addressed at the continued hearing.  However, in a remarkable display of bravado, just like when the Turnover Action and Garnishment Action were both initiated in face of this Court's transfer of all cash to the Jones Estate as part of the dismissal order of the FSS case, when responding to the Court's questioning of the Texas Plaintiffs' counsel *and his admission of the knowledge of the Court's orders*, again the Plaintiffs argue that they see no need to abide by the Courts' order retaining jurisdiction over the FSS assets in the bankruptcy court, and because those orders and the most recent announcement of a continuance of 60 days to

consider matters is likewise meaningless, Plaintiffs have initiated their new actions now in State

Court.

Dated: July 7, 2025

<div style="margin-left:45%">

*/s/ Shelby A. Jordan*
SHELBY A. JORDAN
State Bar No. 11016700
S.D. No. 2195
ANTONIO ORTIZ
State Bar No. 24074839
S.D. No. 1127322
Jordan & Ortiz, P.C.
500 North Shoreline Blvd., Suite 804
Corpus Christi, TX  78401
Telephone: (361) 884-5678
Facsimile:  (361) 888-5555
Email:  sjordan@jhwclaw.com
       aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com
**CO-COUNSEL FOR ALEX JONES**

BEN C. BROOCKS
State Bar No. 03058800
Federal Bar No. 94507
WILLIAM A. BROOCKS
St. Bar No. 24107577
Federal Bar No. 3759653
BROOCKS LAW FIRM PLLC
248 Addie Roy Road, Suite B301
Austin, Texas 78746
Phone: (512) 201-2000
Fax: (512) 201-2032
Email: bbroocks@broockslawfirm.com
**CO-COUNSEL FOR ALEX JONES**

</div>

**CERTIFICATE OF SERVICE**

Page 4 of 8.

I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system and as stated below on July 7, 2025.

<table>
<tr><td>

**Mark D. Bankston**
1117 Herkimer Street
Houston, TX 77008
713-221-7008
mark@fbtrial.com
 *Assigned: 06/24/2024*

</td><td>representing</td><td>

**Neil Heslin**
c/o McDowell Hetherington LLP
Attention: Avi Moshenberg
1001 Fannin Street
Suite 2700
Houston, TX 77002
*(Plaintiff)*

**Scarlett Lewis**
c/o McDowell Hetherington LLP
Attention: Avi Moshenberg
1001 Fannin Street
Suite 2700
Houston, TX 77002
*(Plaintiff)*

</td></tr>
<tr><td>

**Vickie L Driver**
Driver Stephenson, PLLC
13155 Noel Road
Ste 900
Dallas, TX 75240
214-910-9558
vickie@driversteplaw.com
 *Assigned: 06/24/2024*

</td><td>representing</td><td>

**Free Speech Systems, LLC**
*(Defendant)*

</td></tr>
<tr><td>

**Vickie L. Driver**
Elliott, Thomason & Gibson, LLP
511 N. Akard
Ste 202
Dallas, TX 75201
214-390-2086
vickie@etglaw.com
 *Assigned: 06/24/2024*

</td><td>representing</td><td>

**Alexander E. Jones**
xxxx xxxxxx
Austin, TX 78735
*(Defendant)*

</td></tr>
<tr><td>

**Jennifer Jaye Hardy**
Willkie Farr Gallagher LLP
600 Travis St
Ste 2310
Houston, TX 77002
713-510-1766

</td><td>representing</td><td>

**Neil Heslin**
c/o McDowell Hetherington LLP
Attention: Avi Moshenberg
1001 Fannin Street
Suite 2700
Houston, TX 77002
*(Plaintiff)*

</td></tr>
</table>

jhardy2@willkie.com
 *Assigned: 05/05/2025*

                                                                                **Scarlett Lewis**
c/o McDowell Hetherington LLP
Attention: Avi Moshenberg
1001 Fannin Street
Suite 2700
Houston, TX 77002
*(Plaintiff)*

**Erin Elizabeth Jones**
Jones Murray LLP
602 Sawyer
Suite 400
Houston, TX 77007
832-529-1999
832-529-3393 (fax)
erin@jonesmurray.com
 *Assigned: 06/24/2024*

representing

**Christopher Murray**
602 Sawyer St.
Suite 400
Houston, TX 77007
*(Defendant)*

**Christopher W Martin**
Martin Disiere et al
808 Travis St
Ste. 1100
Houston, TX 77002
713-632-1701
713-222-0101 (fax)
martin@mdjwlaw.com
 *Assigned: 06/24/2024*

representing

**Free Speech Systems, LLC**
*(Defendant)*

**Alexander E. Jones**
xxxx xxxxxx
Austin, TX 78735
*(Defendant)*

**Jarrod B. Martin**
Bradley Arant Boult Cummings LLP
600 Travis Street
Suite 5600
Houston, TX 77002
713-576-0388
jbmartin@bradley.com
 *Assigned: 07/23/2024*

representing

**Neil Heslin**
c/o McDowell Hetherington LLP
Attention: Avi Moshenberg
1001 Fannin Street
Suite 2700
Houston, TX 77002
*(Plaintiff)*

**Scarlett Lewis**
c/o McDowell Hetherington LLP

Attention: Avi Moshenberg
1001 Fannin Street
Suite 2700
Houston, TX 77002
*(Plaintiff)*

**Avi Moshenberg**
Lawson & Moshenberg PLLC
801 Travis St.
Ste 2101, #838
Houston, TX 77002
903-316-9155
avi.moshenberg@lmbusinesslaw.com
 *Assigned: 06/24/2024*

representing

**Neil Heslin**
c/o McDowell Hetherington LLP
Attention: Avi Moshenberg
1001 Fannin Street
Suite 2700
Houston, TX 77002
*(Plaintiff)*

**Scarlett Lewis**
c/o McDowell Hetherington LLP
Attention: Avi Moshenberg
1001 Fannin Street
Suite 2700
Houston, TX 77002
*(Plaintiff)*

**Federico Andino Reynal**
The Reynal Law Firm
917 Franklin
Sixth Floor
Houston, TX 77002
713-228-5900
areynal@frlaw.us
 *Assigned: 06/24/2024*

representing

**Free Speech Systems, LLC**
*(Defendant)*

**Alexander E. Jones**
xxxx xxxxxx
Austin, TX 78735
*(Defendant)*

**Joshua W. Wolfshohl**
Porter Hedges LLP
1000 Main, 36th Floor
Houston, TX 77002
713-226-6000
713-228-1331 (fax)
jwolfshohl@porterhedges.com
 *Assigned: 06/24/2024*

representing

**Christopher Murray**
602 Sawyer St.
Suite 400
Houston, TX 77007
*(Defendant)*

*Assigned: 07/23/2024*

                    representing

**Christopher Murray**
602 Sawyer St.
Suite 400
Houston, TX 77007
*(Defendant)*

Ben C. Broocks
William Broocks
Broocks Law Firm PLLC
248 Addie Roay Road Suite B301
Austin, Texas 78746        representing    **Alexander E. Jones**
Phone: 512-201-2000
Fax: 512-201-2032
Email: bbrocks@broockslawfirm.com

Deanna Drenga
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019    representing    **Neil Heslin and Scarlett Lewis**
(212) 728-8000
ddrenga@willkie.com

*/s/ Shelby A. Jordan*
Shelby A. Jordan